Mitchell L. Feldman, Esq
Florida Bar No. 0080349 (*Pro hac vice application to be filed*)
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, # 101
Tampa, Florida 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us

David Ratner (Bar No. 316267)
Shelley Molineaux (Bar No. 277884)
RATNER MOLINEAUX LLP
1990 N. California Boulevard, Suite 20
Walnut Creek, California 94596
Telephone:     (925) 393-7511
Facsimile:     (925) 891-3818
david@ratnermolineaux.com
shelley@ratnermolineaux.com
*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH FERMIN-HAYES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHOPAEDIC AND NEUROLOGICAL REHABILITATION INC. and ORTHOPAEDIC & NEUROLOGICAL REHABILITATION, SPEECH PATHOLOGY INC., DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE and CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME WAGES;**<br>**(2) FAILURE TO PROVIDE MEAL PERIODS;**<br>**(3) FAILURE TO PROVIDE REST PERIODS;**<br>**(4) FAILURE TO PAY FOR ALL HOURS WORKED**<br>**(5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**<br>**(6) UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES;**<br>**(7) FAILURE TO PAY EARNED WAGES UPON DISCHARGE;**<br>**(8) DECLARATORY and INJUNCTIVE** |

RELIEF

**(9) VIOLATION OF THE RECORD KEEPING REQUIREMENTS OF THE FLSA- FAILURE TO PAY OVERTIME (FLSA) and FAILURE TO MAINTAIN ACCURATE RECORDS OF HOURS WORKED (FLSA).**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, FAITH FERMIN-HAYES ("Plaintiff"), individually, and on behalf of all others similarly situated ("Class Members"), pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 et seq., ("FLSA"), Federal Rules of Civil Procedure, Rule 23 and California Wage laws, herein sues Defendants, ORTHOPAEDIC AND NEUROLOGICAL REHABILITATION INC. and ORTHOPAEDIC & NEUROLOGICAL REHABILITATION, SPEECH PATHOHLOGY INC. (hereinafter "ONR" or "Defendants") for violations of the FLSA and California state wage laws. Defendants have maintained an unlawful scheme to avoid its overtime pay obligations and deny lawfully required bona fide off-duty breaks to a class of a thousand or more Directors of Rehabilitation ("DOR"), and other persons working under various titles to describe the same position, to increase profits to the tune of millions of dollars each year at the expense of its hard working and dedicated employees. As part of this scheme to avoid paying wages, and to save millions in labor costs as well as to unfairly reap many millions of dollars in profits, akin to stealing the earned wages of a thousand or more employees, Defendants maintained a nationwide, unlawful pay practice of deducting wages from the salaries of the DOR when their work hours or billable Medicare hours dipped below 40 hours for the week.

DOR were told and promised from the moment of hire that they were salaried, exempt employees. However, in this Scheme to avoid paying overtime premiums violate the state and federal overtime laws, Defendants wanted their cake and to eat it too by reclassifying each DOR on a weekly basis to an hourly employee whenever their work hours dipped below 40 for the workweek, or their treatment hours dipped below this number or a certain percentage. Thus, in reality and all factual and legal effect, Plaintiff Fermin-Hayes, and all other similarly situated Directors of Rehab were truly

hourly paid employees, and the Defendants herein have no right to claim any exemption under the FLSA or California wage laws for their salary deductions.

## **INTRODUCTION**

1.   Defendants in this case have willfully violated the California wage laws and the Fair Labor Standards Act by taking impermissible deductions from the salaries of Plaintiff and all others similarly situated for less than full day absences, and specifically when the number of patients they were treating would cause them to limit their billable Medicare hours.  Throughout Plaintiff Fermin-Hayes' term of employment working for Defendants as a DOR, she had numerous instances when her salary suffered impermissible deductions solely related to hours worked, or maximum number of medical billable hours permitted to be billed.  All Class or Collective Members were paid on a salary basis and classified as exempt from overtime.

2.   Plaintiff herein commence this hybrid legal action individually and as a Collective and Class action on behalf of all others similarly situated against Defendants for unfair business practices and violations of the California Labor Code ("Labor Code") and the FLSA.

3.   Pursuant to national common policy and plan, Plaintiffs and the class of similarly situated current and former California employees, have worked under the titles of Director of Rehabilitation (Rehab) or (DOR) (herein collectively referred to as "DOR"), or other job titles used to describe persons performing similar, hourly, non-exempt management positions working from approximately 870 or more locations or offices in 40 states in the United States of America and 50 or more locations or offices in California.

4.   Plaintiff and Class Members were unlawfully not compensated a premium for all hours worked over eight (8) hours in a day or forty (40) hours in a week, each workweek, by a scheme and plan of Defendants to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiffs and all other similarly situated present and former employees.

5.   Likewise, Defendants required Plaintiff and Class Members to work more than five (5) hours per day without receiving all mandated off-duty meal periods.  Defendants had, and continue to have, a pattern and practice of productivity requirements for billable treatment and Medicare hours, (upwards of 60% of the total daily work hours) which left no time for 30-minute uninterrupted off-

duty meal periods and rest breaks, which Defendants knew and continues to employ to this day. Plaintiff and all others similarly situated routinely worked during and through any meal breaks without being paid additional sums or being able to claim this time.

6.   While Defendants did have some computerized electronic system for hourly employees to self-report their daily and weekly work hours, Defendants maintained a de facto policy against any overtime hours from being self-reported and discouraged reporting or claiming such hours with threats of disciplinary action.

7.   Despite DOR being allegedly classified as exempt employees, Defendants prohibited and discouraged Plaintiff and all other DOR from reporting any overtime hours and would either shave or edit off the hours themselves, or command DOR to do so.   If DOR were to claim the hours they spent working through meal breaks, that would further result in overtime hours being frequently incurred by DOR.

8.   Plaintiff would submit either only enough hours to avoid failing the productivity requirement (such as 60%), or just self-report an inaccurate and understated electronic time sheet such that the maximum number of hours which would not exceed 40 in any workweek.

9.   Defendants had actual knowledge that Plaintiff and Class Members routinely worked off the clock, worked through meal breaks and worked more hours than on their time sheets.

10. Likewise, Defendants knew that Plaintiff and class members routinely worked more than five hours per day without taking their mandated off-duty breaks.

11. Not only were directors, supervisors and others in management well informed of these off the clock hours being performed and DOR failing to take off-duty, uninterrupted non-working mandated breaks, but managers directors and others in management roles encouraged and even pressured DOR to work as many overtime hours as needed off the clock to meet productivity goals, and to complete all their management and director job duties, treat patients and complete all required contemporaneous reporting and medical notes.

12. When Plaintiff and California Class Members did not receive uninterrupted off-duty meal breaks, Defendants did not pay Plaintiff and Class Members with the additional hours of compensation as required by Labor Code §§ 226.7, 558, 1198 and Wage Order 7, § 11(D). As a result,

Defendants did not pay Plaintiff and the Class Members with all wages due as required by Labor Code §§ 201-204.

13. Moreover, Defendants did not prevent or discourage Plaintiff and Class Members from accessing the offices, computer systems and data bases outside the standard or regular business hours or on weekends to prevent and curtail off the clock work Defendants did not discourage, foreclose or forewarn Plaintiff and Class Members from working during meal breaks or not taking all fully required meal breaks.

14. Indeed, Defendants knew that Plaintiff and Class Members routinely accessed systems, databases, and programs, including emails beyond work hours submitted for any day or week, or while off the clock and away from the office, and during meal break times.

15. Defendants turned a "blind eye" to all the off the clock work for numerous reasons, while pressuring, coercing, intimidating, and encouraging DOR to work as many hours as necessary to hit their productivity goals and complete their therapy and director job duties and responsibilities.

16. Defendants maintained a policy and practice of requiring Plaintiff and Class Members to work more than 3.5 hours per day without receiving mandated off-duty, uninterrupted rest periods, in violation of the rest break requirements pursuant to Labor Code § 226.7 and Wage Order 7, § 12(A). To achieve productivity rates, Plaintiff and Class Members were not given their mandated off-duty, uninterrupted rest periods and could not claim this time either.  As a result, Plaintiff and Class Members did not receive 10-minute uninterrupted off-duty rest periods in addition to not receiving their off-duty mandated meal breaks.

17. Defendants' pattern and practice required a productivity rate that cannot be met in a normal eight (8) hour workday or forty (40) hour work week without submitting falsified, inaccurate time records.

18. When Plaintiff and Class Members did not receive uninterrupted off-duty rest periods, Defendants did not pay Plaintiff and Class Members with the additional hour of compensation as required by Labor Code §§ 226.7, 558, 1198 and Wage Order 7, § 12(B). As a result, Defendants did not pay Plaintiff and the California Class Members with all wages due as required by Labor Code §§ 201-204.

19. Defendants willfully failed to pay Plaintiff and California Class Members all wages owed in accordance with California State laws.  Specifically, Plaintiff and Class Members were not paid overtime for time worked more than eight (8) hours per day or forty (40) hours per week and were not paid a premium for not receiving uninterrupted off-duty breaks.  As a result, Defendants did not pay Plaintiff and the Class Members with all wages due as required by Labor Code §§ 201-204.

20. Labor Code § 226 provides that every employer is required, "semimonthly or at the time of each payment of wages," to give each employee an itemized wage statement, including, inter alia, the total hours worked by the employee (except for salaried employees), and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Labor Code § 226(a). Defendants had a policy and practice of failing to provide proposed California Class Members, including Plaintiff, with a properly itemized wage statement with each paycheck in compliance with California law.  Defendants' wage statements did not indicate the additional hour of compensation when Plaintiffs and California Class Members were not provided meal or rest breaks, in violation of Labor Code § 226(a)(1), (2), (5), and (9).

21. Labor Code § 1174(d) provides that an employer should keep payroll records "showing the hours worked daily by and the wages paid to […]". Because Defendants had a policy and practice of failing to adequately keep records of Plaintiff's and California Class Members' meal breaks, as required by Labor Code § 226.7 and 512, Defendants failed to maintain accurate and complete payroll records in compliance with California law. This failure gives rise to civil penalties under Labor Code § 1174.5.

22. Plaintiff and the California and FLSA Class Members did not, and currently do not, perform work that meets the definition of any exemption under the FLSA and California Wage laws, and the Defendant's pay practices are not only clearly unlawful, but unfair as well.

23. In this pleading, "Defendants" means the named Defendants in this action and any other subsidiary or affiliated and wholly owned corporation, parent corporations, former or predecessor corporations, and all other organizations or entities responsible for the employment practices complained of herein (discovery may reveal additional defendants that should be included).

**JURISDICTION AND VENUE**

24. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b). Supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C. § 1367 which arises from the same common nucleus of operative facts.

25. This Court has subject matter jurisdiction over this action pursuant to 28 US Code § 1332 - Diversity of citizenship, since Plaintiff is a resident of California and at all relevant times worked for Defendants in California.  Further, one Defendant is a foreign corporation, the other a California Corporation, both of which have a principal place of business in Texas.  Moreover, the damages in this case exceed $75,000 for Plaintiff.

26. This Court alternatively has supplemental jurisdiction to consider claims arising under California state law pursuant to 28 US Code § 1367.

27. This Court also and alternatively has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act (CAFA).  The amount in controversy exceeds $5,000,000 and upon information and belief, numerous members of the proposed Class are citizens of a State different from the State of Citizenship of Defendants.

28. This Court may exercise personal jurisdiction over the non-resident Defendant corporation pursuant to California's Long Arm Statute, Cal. Code Civ. Proc § 410.10, since Defendant conducts substantial business in this State and within the Eastern District of California, receives substantial compensation and profits from its marketing, and from its local therapy services in this District, directs its employees to work from and engage in business in this State, and has engaged in the unlawful practices described in this Complaint in this District.

29. Venue is proper in this district because under 28 U.S.C. § 1391(b) Defendants have a corporate office and physical office in California from which they perform work and provides services to the public in this District, and Defendants are subject to the Court's personal jurisdiction in this judicial district as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

30. This Court has simultaneous jurisdiction over the Collective Action Allegations and the Class

COLLECTIVE AND CLASS ACTION COMPLAINT

Action Allegations.  *See Calderone, et. al. v. Scott*, No. 2:14-cv-00519-JES-CM 838 F.3d 1101 (11th Cir. 2016) (holding that "a § 216(b) collective action and a state-law Rule 23(b)(3) class action may be maintained in the same proceeding.").

31. Courts approve of Hybrid Rule 23 state law class actions and FLSA Section 216b Collective actions.  *See Davis v. Colonial Freight Sys.*, No. 3:16-CV-674-TRM-HBG, 2018 U.S. Dist. LEXIS 76225 (E.D. Tenn. Apr. 30, 2018); *Crouch v. Mo. Basin Well Serv.*, No. 1:15-cv-150, 2017 U.S. Dist. LEXIS 233191 (D.N.D. Mar. 31, 2017).

## THE PLAINTIFF

32. Plaintiff Faith Fermin-Hayes is a resident of this District who worked for Defendants as a Physical Therapy (PT) and Director of Rehabilitation (DOR) under the title of Physical Therapist-Director of Rehab from September 2021 until August 2022 working at one or more facilities managed, staffed and run by Defendants, including Oakmont on Lodi and then Solstice of Lodi located in Lodi, California.

33. Plaintiff brings her claims individually, and as a 216(b) Collective Action on behalf of a similarly situated National class, defined as all individuals who are now, or were previously employed by Defendants in the United States and worked as Directors of Rehab or any other joint position of a therapists and DOR during the period beginning on the date three (3) years prior to the filing of this Complaint, up through the present and until compliance with the law (the "FLSA Class") and as a Class Action on behalf of a similarly situated California class, defined as all individuals who are now, or were previously employed by Defendants in California and classified as exempt Therapist-DOR or Director of Rehab (DOR) employees at any time during the period beginning on the date four (4) years prior to the filing of this Complaint, up through the present and until compliance with the law (the "California Class"). The amount in controversy for the aggregate claim of FLSA Class Members is over five million dollars ($5,000,000.00). The amount in controversy for the aggregate claim of California Class Members is over five million dollars ($5,000,000.00).

34. The "FLSA Class Period" is designated as the date of filing the complaint, through the trial date, based upon the allegation that the violations of the FLSA's wage-and-hour laws as described more fully below, have been ongoing for at least the three (3) years prior to the filing of the complaint

in this action.

35. The "California Class Period" is designated as the date of filing the complaint, through the trial date, based upon the allegation that the violations of California's wage-and-hour laws as described more fully below, have been ongoing for at least the four years prior to the filing of the complaint in this action.

36. Plaintiff seeks recovery of all allowable compensation and other sums for the violations described below, including minimum wages and overtime wages, penalties and premium pay for missed meal and rest periods, penalties, restitution and restoration of sums owed, and property unlawfully held, declaratory and injunctive relief, interest, attorneys' fees, and costs.

37. Plaintiff brings this Class Action on behalf of herself and a California Class to fully compensate the California Class members for their losses incurred during the California Class Period caused by Defendants' policy and practice which failed to lawfully compensate these employees for all hours worked. Defendants' policy and practice alleged herein is an unlawful, unfair, and deceptive business practice whereby Defendant retained and continues to retain wages due Plaintiff and the other members of the California Class. Plaintiff and the other members of the California Class seek an injunction enjoining such conduct by Defendants in the future, relief for the named Plaintiff and the other members of the California Class who have been economically injured by Defendants' past and current unlawful conduct, and all other appropriate legal and equitable relief.

38. Plaintiff brings this FLSA Collective Action on behalf of themselves and a National Class to fully compensate the FLSA Class members for their losses incurred during the FLSA Class Period caused by Defendants' policy and practice which failed to lawfully compensate these employees for all hours worked. Defendants' policy and practice alleged herein is an unlawful, unfair, and deceptive business practice whereby Defendants retained and continues to retain wages due Plaintiff and the other members of the FLSA Class. Plaintiffs and the other members of the FLSA Class seek an injunction enjoining such conduct by Defendants in the future, relief for the named Plaintiff and the other members of the FLSA Class who have been economically injured by Defendants' past and current unlawful conduct, and all other appropriate legal and equitable relief.

**DEFENDANTS ORTHOPEDIC AND NEUROLOGICAL REHABILITATION INC. and ORTHOPEDIC AND NEUROLOGICAL REHABILITATION, SPEECH PATHOLOCY INC. D/B/A ONR**

39. Defendant, ORTHOPEDIC AND NEUROLOICAL REHABILITATION INC. (hereinafter Defendant or "ONR"), is a California Corporation, with a principal place of business located at 85 Bluffstone Cove, Bldg or suite A-201, Austin, Texas 78759 and who all times material hereto, has routinely and consistently conducted business in the State of California through its numerous, fixed long term health care and nursing home facilities or locations, including in this district.  Defendant may be served through its Registered Agent for service of process at Natalie Cvitanov, 3913 Lasuen Drive, Sacramento, CA 95872.

40. ONR is Plaintiff's employer as described by both Plaintiff's paystubs and offer-letter. However, this corporation purports to have been "merged out" of California and thus is either operating illegally in California or has failed to properly inform the state of California that its other corporation, Defendant Orthopedic and Neurological Rehabilitation Speech Pathology Inc. are the same company, corporation, and part of an integrated business enterprise.

41. Defendant, ORTHOPEDIC AND NEUROLOICAL REHABILITATION, SPEECH PATHOLOGY INC. is a California Corporation, with a principal place of business located at 85 Bluffstone Cove Bldg or suite A-201, Austin, Texas 78759 and who all times material hereto, has routinely and consistently conducted business in the State of California through its numerous, fixed long term health care and nursing home facilities or locations, including in this district.  Defendant may be served through its Registered Agent for service of process at Natalie Cvitanov, 3913 Lasuen Drive, Sacramento, CA 95872

42. As stated by Defendants on their website: "**Today our teams provide rehabilitation therapy solutions for a multitude of valued customers in more than 27 states.**" (last accessed Sep. 22, 2022)

43. Defendants jointly employ, upon information and belief and investigation, upwards of 200 currently employed DOR in the U.S., and with turnover, upwards of about 350 DOR from facilities throughout the USA.

44. Defendants are an employer within the definition of the California State Wage Laws, have

COLLECTIVE AND CLASS ACTION COMPLAINT

revenues exceeding $500,000 annually. Defendants employ more than 100 persons in this State alone. Defendants at all times material were required to compensate Plaintiff and California Class members overtime premiums for all overtime hours worked in each and every workweek, and provide 30-minute, uninterrupted, non-working meal breaks each day, and 10-minute rest periods, all of which it has willfully failed to provide.

45. Defendants are an employer within the definition of the FLSA, has revenues exceeding $500,000 annually and employs more than 100 persons in this State alone.  Defendant at all times material was required to compensate Plaintiffs and FLSA Class members overtime premiums for all overtime hours worked in each and every workweek, which it has willfully failed to provide.

46. Defendants are joint employers of Plaintiff as they at all times act as a unified, integrated business with shared offices, principal place of business, officers, managers, and accounts and at all times material directed the work concurrently and jointly of Plaintiff and all other DOR.

47. Defendants also jointly both created the unlawful pay practices complained of herein, as well as enforced these practices against Plaintiff and all other similarly situated DOR.

## COLLECTIVE AND CLASS ACTION FACTUAL ALLEGATIONS

48. This Collective and Class action arises from a longstanding and continuing wrongful scheme by Defendants to (a) willfully fail to accurately and properly track and record the work hours of DOR and (b) willfully refuse to pay overtime wages to a large class of misclassified exempt employees who Defendant knows or should have known, were working off the clock and working overtime hours without being paid for all such hours.

49. Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following FLSA Class members:

> **All persons employed as a Physical Therapist-Director of Rehab (DOR), Occupational Therapist-DOR, Speech Language Pathologist-DOR, PTA-DOR, OTA-DOR, Director Of Rehab (DOR) or any other job titles used to describe persons performing similar job requirements, who are currently employed by or were previously employed by ONR INC. or ONRSP INC. d/b/a ONR in the U.S. within the 3 years preceding the filing of this lawsuit to date of trial in this action.**

50. Plaintiffs brings this suit individually, and on behalf of all similarly situated persons composed

---

of the following California Class members:

> **All persons employed as a Physical Therapist-Director of Rehab, Occupational Therapist-Director of Rehab, Speech Language Pathologist-DOR, PTA-DOR, OTA-DOR, Director of Rehab (DOR)or any other job titles used to describe persons performing similar job requirements, who are currently employed by or were previously employed by ONR INC. or ONRSP INC. d/b/a ONR in the State of California in the four years preceding the filing of this lawsuit to date of trial in this action.**

51. Plaintiff can protect and represent FLSA and California Class Members, and she is willing, able to and consents to do so.  Plaintiff is familiar with the pay practices, company policies and procedures going back to 2021 and each year within the relevant class period.

52. Plaintiff has routinely worked more than eight (8) hours in a day and forty (40) hours in her workweeks throughout her term of her employment with Defendants, and without being paid any wage or premium for all the hours worked in each and every workweek.

53. Plaintiff was required to routinely attend meetings and training sessions and perform non-therapy director responsibilities which negatively impacted her productivity.

54. Plaintiff was routinely unable to take a 30-minute off-duty, uninterrupted meal breaks each day yet forced to self-report this meal break as having been taken or be subject to disciplinary actions.

55. Despite purportedly being a salaried, exempt employee as represented by Defendants to Plaintiff upon hiring her and throughout her employment, they not only required her to document and self-report 30-minute meal breaks she never took, but also, reduced her salary on numerous times, taking deductions when work hours dropped below 40 for the workweek.

56.  Plaintiff was also required to meet productivity expectations for patient treatment of approximately 70%, with some DOR upon information and belief upwards of 80%, meaning that for all work hours claimed or reported, the DOR had to achieve that percentage of treatment and Medicare billable hou8rs.  Thus, by example, if a DOR were to report 10 hours of work for the day, he or she would have to also document and bill 7 hours of patient therapy time.

57. Under this scheme, DOR thus could not report all their overtime hours because most if not all of the time, the billable therapy times would be insufficient and so Plaintiff and all other DOR would lop off, redact, shave, under-report their actual work hours.

58. More important here though, DOR, including Plaintiff were classified and treated as salaried exempt employees, by law not entitled to overtime premiums, who thus relying upon this classification and representations by Defendants, did not have any concerns for underreporting their work hours, including overtime work hours as they would not have been paid for them anyway.

59. Plaintiff also found that during many of her workweeks, if she did not self-report taking a 30-minute uninterrupted, non-working bona fide meal break, and also then properly and contemporaneously complete all notes for the therapy on the patients and complete all her DOR duties, she routinely worked more than 40 hours each week.

60. Further, if Plaintiff reported all these overtime hours, her productivity would fail and she would be subject to disciplinary action.

61. Similarly, if Plaintiff did not have enough patients to treat, she was forced to even further limit the work hours reported and suffer deductions from her salary by Defendants as if she was an hourly-paid employee.

62. Defendants did not use the time tracking software (CASAMBA/NETHEALTH) as available to accurately clock and record the actual daily work start times, break times and times these employees quit or ceased working for the day, instead mandating that DOR "self-report" estimated hours and in such a manner as to not report overtime hours and to maintain productivity rates.

63. Defendant also used the CASAMBA/NETHLEATH system or program to falsify records of meal breaks never taken by DOR by mandating they report 30-minute, uninterrupted, non-working bona fide meal breaks that ONR knew the DOR were not taking.

64. Defendants knew that DOR, including Plaintiff, were working off the clock, working more hours than reported, not taking 30 minutes of uninterrupted meal breaks, not taking rest breaks coming in early, and staying late to complete their job duties and responsibilities.

65. Said another way, Defendants knew that DOR were required to work more than eight (8) hours in a day and forty (40) hours in a week routinely throughout their workweeks to complete all their job duties and responsibilities, and thus worked off the clock and underreported their work hours.

66. Plaintiff routinely responded to emails and text messages while off the clock, and was not able to report these additional work hours; again, the same of which would not have resulted in additional

pay or overtime premiums given Defendants classification of Plaintiff and all other DOR as salaried, exempt employees.

67. Defendants warned Plaintiff and other Class members across the U.S. that if they did not self-report 30 minutes each day for meal breaks on their timesheets, the company would automatically deduct the 30 minutes of time, even when they knew the employees did not take this meal break and worked through some or all this time and subject them to disciplinary action.

68. Throughout Plaintiff's terms of employment with Defendants, she generally had no time to take 30 minutes of uninterrupted meal breaks and generally worked while she took any break, including inputting notes.

69. Defendants did not care if employees worked or had to work through the day without taking this 30-minute uninterrupted meal break to meet productivity and complete job duties, and there was no ability or means to report less than 30 minutes without suffering the auto deduction by Defendants or disciplinary action.

70. Throughout Plaintiff's employment she generally manipulated time sheets to not report more than eight (8) hours exactly each day, and 30 minutes of meal breaks, which Defendants could see and in fact knew was false, unreliable, and inaccurate.

71. The Defendants maintained a de facto policy pursuant to which no DOR was to report overtime hours and had to report 30 minute meal breaks each day, and thus submit falsified, inaccurate and underreported time sheets.

72. Defendants also discouraged Plaintiff and all other DOR from reporting actual break times of less than 340 minutes, and all actual work hours, including overtime hours.

73. Defendant knew Plaintiff and the Class members accessed the company computer systems and databases, such as CASAMABA or Rehab Optima, (all now NETHEALTH) while off the clock, permitted it, and implicitly encouraged it by demanding all work be done each week without clocking overtime.

74. First, Defendants knew and could see that work was being done off the clock and second, as per the company's unwritten policy, Defendants encouraged and pressured Plaintiff and class members to work off the clock and discouraged reporting their overtime hours or time when they took

less than a 30 minute, bona fide meal break.

75. Meanwhile, Defendant turned a blind eye to DOR, including Plaintiff, working more than eight (8) hours in a day and staying late and off the clock working on Defendants' computers putting in notes off the clock, because Defendants reaped the rewards of the additional work and labor for free.

76. But when Plaintiff worked fewer than 40 hours in any workweek or did not have enough patients to report 40 hours of work, Defendants treated DOR, including Plaintiff as an hourly paid employee and then deducted pay from their "salaries" accordingly, in violation of the salary basis requirements under the FLSA and California wage laws for administrative and executive exempt employees.

77. Plaintiff alleges for herself, and on behalf of Class Members that they are entitled to unpaid wages from Defendants for all overtime hours worked for which they did not receive overtime premium pay as required by the FLSA and California wage laws.

78. Upon information and belief and investigation, Defendants employs upwards of 200 currently employed DOR and with turnover, upwards of about 600 DOR from 200 or more facilities, such as long-term health care and nursing home facilities it staffs and runs.

79. Upon information and belief, Defendants also operate, manage, run or staff 40 or more California facilities.

80. Defendant has maintained a single job description for its DOR position on a nation-wide basis such that a DOR in Lodi, California would be performing similar job requirements as a DOR working at an ONR facility in Texas.

81. Upon information and belief, all DOR during the relevant 3- and 4-year class periods, were classified as salaried, exempt employees.

82. Defendants maintain a company-wide policy throughout the relevant class period of willfully refusing to pay premium wages for all overtime hours worked by DOR.

83. Defendants also reduced DOR's weekly salaries and reclassified DOR to hourly paid employees on a weekly basis when it financially benefitted them if they the DOR did not have 40 hours of time for the workweek.

84. Defendants maintained a culture and environment of discouraging and intimidating DOR from submitting or reporting overtime hours worked or complaining about being classified as exempt employees, and from complaining about having their weekly salaries deducted or reduced when it financially benefited Defendants.

85. Defendants do not presently and have not throughout the relevant four (4) year class period, properly clocked, tracked, or recorded the actual working hours of each DOR in their locations or facilities in California.

86. Defendants do not presently and have not throughout the relevant three (3) year class period, properly clocked, tracked, or recorded the actual working hours of each DOR in their locations or facilities in the U.S.

87. Most DOR, including Plaintiff, primarily worked a similar corporate set schedule of five (5) days per week, typically Monday to Friday, and were required to work 8 hours per day and 40 hours per week.

88.    All DOR were trained to perform their respective job duties and responsibilities and expected to perform their job duties and responsibilities in similar manners throughout the U.S. and California.

89. The members of the FLSA Collective Class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b), proceeding as a collective action is proper in this case.

90. Plaintiff will fairly and adequately protect the interests of the putative FLSA Class of similarly situated DOR and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

91. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the FLSA Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to

them.

92.    A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds from its violations of the FLSA.

93. Furthermore, even if any member of the FLSA Class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties, and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Class and provide for judicial consistency.

94.    There is a well-defined community of interest in the questions of law and fact affecting the FLSA Class as a whole.  The questions of law and fact common to each of the FLSA Class members predominate over any questions affecting solely individual members of the action.  Among common questions of law and fact are:

> a.    Whether Defendants employed members of the Class within the meaning of the applicable provisions of the FLSA;

> b.    Whether Plaintiff and members of the Class were misclassified as Exempt employees under the FLSA and California Wage laws or whether as a matter of fact and law Plaintiff and all DOR were and should be declared as hourly, non-exempt employees;

> c.    Whether Defendants have forfeited the right to withhold paying overtime premiums to Plaintiff and all other DOR as a result of their salary basis violations and deductions from the weekly salaries of Plaintiff and all other DOR;

> d.    Whether Defendants unlawfully instructed DOR to edit, remove, and/or underreport overtime hours from their own weekly time records;

> e.    Whether Defendants knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by Plaintiff and the Class;

> f.    Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages;

g.      Whether Defendants willfully and with reckless disregard failed to comply with the overtime pay and meal break requirements of the FLSA and California wage laws;

h.      Whether Defendants maintained a De Facto, unlawful policy which prohibited DOR from reporting their actual and complete and accurate work hours, including overtime hours and which required them to underreport and present inaccurate time records;

i.      Whether Defendants have willfully violated the FLSA and the California wage laws such that a 3 and 4 year SOL should respectively apply to those putative class members similarly situated;

95. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a 216(b) Collective action.

96. In summary, Defendants have violated the salary basis requirement of the FLSA and California wage laws, and have forfeited the right to rely upon an any exemption from their obligation to pay overtime premiums to Plaintiff and all other similarly situated DOR.

97. Defendants have also engaged in a scheme to avoid paying overtime premiums and save millions of dollars in labor costs by classifying DOR as hourly paid employees when it financially suited or benefitted them.

98. DOR, including Plaintiff, were likewise told to do what it takes to complete all job duties and requirements, including working overtime hours off the clock, but discouraged from self-reporting overtime hours to the Defendants despite Defendants' knowledge that such off the clock overtime work was being performed.

## CALIFORNIA CLASS ALLEGATIONS

99. Plaintiff herein also will label this group of similarly situated present and former employees of Defendants as the "California Therapists Class". The number of individuals in the California class is so numerous that joinder of all members is impracticable.  Upon information and belief, the class of California employees including turnover within the last four (4) years is in the range of 1,200 persons, with 200 to 300 or more employed at any given time.

100.      Plaintiff will fairly and adequately protect the interests of the class, are ready and willing to do so, and have retained counsel that is experienced and competent in class actions,

collective actions, and employment litigation.

101.    Plaintiff's claims are typical of the members of the proposed class.

102.    Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

103.    A class action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

104.    The claims of Plaintiff are identical to those of the California DOR Class, as the pay practices complained of were applicable to all DOR in California, and Defendants unlawfully treated all DOR as exempt employees throughout the terms of their employment, even when deducting pay from their "salaries."

105.    Plaintiff was taught and instructed by Defendants to perform their job requirements and duties in a similar, if not identical manner, and DOR perform their job requirements as therapists based upon State professional standards regulated by their own professions and by the California governing agencies.  Moreover, Defendants maintains a job description and company policies and practices, including time keeping and overtime pay policies applicable to all California DOR.

106.    The proposed California Therapist Class is brought and may properly be maintained as a class action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

107.    Pursuant to those requirements, the California DOR Class is so numerous that joinder of all members is impracticable.

108.    Further, common questions of law and fact exist as to all members of the California DOR Class that predominate over any questions affecting individual members, including:

a.    Whether Defendants violated California Labor Code §§ 510 & 1194 and the California Business & Professions Code Section 17200 by failing to pay premium compensation to the California Class members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day; and

b.      Whether Defendants violated California Labor Code § 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to California Class members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s); and

c.      Whether Defendants violated California Labor Code §§ 201-203 by failing to provide all wages earned and due at the time of termination to California Subclass members; and

d.      Whether Defendants violated California Labor Code §512 and Labor Code § 226.7: Missed Meal and Break Penalties — One Hour of Pay For Each Violation, by failing to provide Plaintiff and the California Therapists Class work free and uninterrupted meal breaks and thus owe the Plaintiffs and the putative class, one hour of pay for each day they missed or were not able to take the requisite meal break; and

e.      The proper measure of damages sustained by members of the California Class and the restitution owed to them.

109.     Plaintiff's claims are typical of those of the California DOR Class.  Plaintiff, like other members of this putative class, were all subjected to Defendants' policy and practice of classifying them as exempt from the overtime pay requirements and failing to pay overtime compensation, including the De Facto policy of not recording more than eight (8) hours per day or more than forty (40) hours in the week and being required to work overtime hours off the clock and without regard to any individualized employee analysis.

110.     Plaintiff, like the other California Class members, was subjected to Defendants' unlawful practice of failing to maintain and provide accurate itemized wage statements, all in violation of California law, and being unable to take a full 30-minute uninterrupted meal break each day, or two uninterrupted 15-minute breaks during the day.

111.     Plaintiff's job duties and compensation were also typical of other members of the California Class providing therapy within their specialty and documenting the therapy sessions and times in notes. All class members, including Plaintiff, were classified by Defendants as exempt

employees under state and federal wage laws.

112.     Plaintiff will fairly and adequately represent and protect the interests of the putative members of the California DOR Class because she does not have any disabling conflict(s) of interest that would be antagonistic to those of the other class members.

113.     Plaintiff has retained counsel, Mitchell Feldman, Esq. and Feldman Legal Group and Ratner Mullineaux, who are competent and experienced in class and collective action wage and hour litigation.

114.     Defendants have acted on grounds that apply generally to the California Class in that they have common policies and practices of: (a) willfully misclassifying DOR as exempt from overtime pay; (b) subjecting DOR to salary deductions when it financially suited and benefited them and reclassified and treated DOR as hourly employees when their hours reported were less than 40 hours in any workweek; (c) failing to maintain and provide accurate itemized wage statements to all members of the California Class; and (d) failing to accurately record and track work hours and engaged in the falsification and intentional maintenance of inaccurate and underreported time records; failing to provide a 30 minute duty free breaks each day.  Accordingly, injunctive, and declaratory relief is appropriate for the California Class as a whole.

115.     Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff and the similarly situated California DOR Employees suffered similar treatment and harm as a result of systematic policies and practices, including unlawful pay practices such as being permitted to suffer to work off the clock and submit falsified, underreported time sheets/records that would not show more than 8 hours of paid work per day and 40 hours of paid time per week as well as having to falsely report each day a 30 minute, uninterrupted, non-working meal break they never took, because absent a class action, Defendants' unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation.

116.     Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**

117.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

118.     The foregoing conduct, as alleged, constitutes a violation of California's wage and hour laws, *See* Labor Code, § 510. California law requires employers, such as Defendants, to pay overtime compensation of one and a half times an employee's regular rate to all non-exempt employees for all hours worked over forty (40) per week, or over eight (8) per day.

119.     Defendants have forfeited the right to classify Plaintiff, and all similarly situated DOR as exempt employees as a result of their deductions in salaries paid to them when hours fell below 40 in any workweeks, and by treating them effectively as hourly paid employees throughout the terms of their employment whenever doing so financially benefited Defendants.

120.     The California DOR employees working for Defendant in the State of California were, and presently are still, all treated and classified by Defendants as exempt employees and who were not paid any premium pay for all the overtime hours worked.

121.     Plaintiff's superiors, upper management and thus the Defendants themselves, knew DOR routinely worked overtime hours, and that such hours were not reported and thus "off the clock".

122.     Plaintiff's superiors and the company knew that they routinely worked each day without taking 30 minutes of uninterrupted non-working meal breaks each day, and that the time records were inaccurate, falsified and only showed this break time under company De Facto (unwritten) policy that they had to show this time, or they would be subject to discipline and the company would as well auto input 30 minutes of break time.

123.     Throughout the four (4) year California Class Period, the California Class members (California DOR) routinely worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek and should have been paid a premium for all such hours incurred.

124.     Plaintiff and other members of the class at times worked more than ten (10) hours in a workday.

125.     During the California Class Period, Defendants underpaid California Class members

by failing to pay overtime wages for hours they knew and had reasons to know were being worked but not reported, including but not limited to the 30 minutes of meal breaks each day which would alone, put Plaintiff and other DOR upwards of 2.5 hours each week of unpaid overtime, and thus 42.5 hours for the workweek.

126.    California wage laws require the overtime rates be paid to non-exempt employees at one and one half (1.5) times the employee's regular rate of pay for overtime up to and including twelve (12) hours in a workday.

127.    Plaintiff and the class of similarly situated California present and former employees of Defendant routinely worked overtime hours during the four (4) year class period without being paid a premium for their hours worked more than forty (40) in a workweek or eight (8) hours in a workday.

128.    As Defendants' computer systems and databases recorded the times DOR entered their notes, Defendants knew that the DOR Employees were working more than forty (40) hours in a work week and more than eight (8) hours in a day.

129.    Further, Defendants failed to properly track and record the work hours of Plaintiff, and all other similarly situated DOR Employees from four (4) years preceding this lawsuit and continuing through the present day.

130.    Defendants also did not utilize an accurate and reliable system for DOR employees to record and track all their work hours, as they knowingly discouraged accurate self-reporting of work hours, did not have hourly employee clock in and out start times, end times and any real break times as the program CASAMBA is designed to use, and discouraged accurate reporting of actual hours and breaks not taken.

131.    Defendants knew, or should have known, that Plaintiff and the other California DOR who comprise the putative class of similarly situated were routinely working overtime hours during the four (4) year class period.

132.    Defendants maintained a scheme to avoid the overtime wage laws of California through the practice of willfully, and without good faith, requiring DOR to work overtime hours off the clock, and discouraging Therapists from reporting their overtime hours worked pursuant to a

Company De Facto policy.

133.     As a direct and proximate result of Defendants' willful, reckless and unlawful conduct, including misclassifying DOR as exempt from overtime premiums under California and the FLSA, Plaintiff and the California Class members have sustained damages including: loss of wages for all overtime hours worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

134.     All California class members are entitled to be paid overtime wages owed at one and one half (1.5) times their regular rates of pay for all hours worked over eight (8) hours in a work day and forty (40) hours in each and every work week, plus an equal sum in liquidated damages, prejudgment interest and attorney's fees.

## SECOND CAUSE OF ACTION
### Failure to Provide Off-Duty Meal Breaks

135.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

136.     Plaintiff and all other California Therapist Employees were required to work at least 8 hours of clocked time each day, for 5 days in each workweek, and have a productivity rate (%) related to their billable Medicare hours.

137.     Thus, for a 70% productivity rate, for each 8 hour work day, Plaintiffs and other Therapists who had the same productivity rate were expected and required to have 5.6 hours of Medicare billable time for each day.  If the productivity was higher, so too was the Medicare billable time requirement.

138.     To meet this productivity requirement, Plaintiff and DOR working at Defendants' facilities had to underreport their actual work hours, especially overtime hours, and to report uninterrupted, non-working 30-minute meal breaks they never took.

139.     Defendants likewise expected Plaintiff and all other DOR to generally and routinely work more than 8 hours per day and more than 40 hours per week in a normal business week in order to complete all their therapy and DOR job duties and responsibilities.

140.     Plaintiff and all other California DOR Employees also had to keep up with the

required daily contemporaneous medical or therapy notes or documentation each day, DOR reporting, staffing and scheduling of therapists and patients.

141.    Moreover, Plaintiff and all other similarly situated DOR were required to attend routine meetings and had numerous other incidental activities and job responsibilities related to the patients which took additional time not accounted for in just the Medicare billable time.

142.    Defendants knew that the daily work could not be reasonably completed in 8 hours, and within 40 hours of clocked time for the week and that Plaintiff and those similarly situated would forego the minimum required uninterrupted thirty (30) minute breaks, and forego rest breaks.

143.    Even when Plaintiff and the other California DOR Employees could take a break, it was primarily and routinely under thirty (30) minutes, and not uninterrupted or duty free, as during this break time, Plaintiff would perform work related to her reporting duties, provide therapy, attend meetings, complete medical records and charts; otherwise, Plaintiff and the California DOR Employees would wind up working hours into the evening hours and even more hours off the clock.

144.    Defendants were required by California Labor Code §512 to provide a thirty (30) minute, duty free break time to all California DOR Employees if they worked more than five (5) hours.

145.    California Labor Code §512 also requires Defendant to: (a) relieve employees of all duty during this break time; (b) relinquish control over the employee's activities; (c) permit them a reasonable opportunity to take an uninterrupted 30-minute break; and (d) not impede or discourage the employee from doing so.

146.    Defendants knowingly or with reckless disregard for Section 512, failed to provide Plaintiff and the class of similarly situated California DOR Employees the required daily thirty (30) minutes of uninterrupted, duty free work break time as required by law.

147.    As a direct and proximate result of Defendants' unrealistic and unreasonably high productivity requirement percentage (%) and scheduling, Plaintiff, and the Class of similarly situated California DOR Employees suffered harm and were not provided the requisite duty free thirty (30) minute breaks.

148.    Defendant's actions in failing to provide the required breaks was a willful violation

of this section of California's Labor Code section and law.

149.     Pursuant to California Labor Code §226.7, employers who fail to provide meal or rest periods required by statute or Wage Order must pay employees one (1) FULL ADDITIONAL HOUR OF PAY at each employee's regular rate of pay for each daily failure to provide the requisite meal or rest periods.

150.     As per California Labor Code §226.7, Defendant owes Plaintiffs and the class of similarly situated California DOR Employees one (1) full hour of wages at their regular hourly rate of pay, plus an equal sum in liquidated damages, attorney's fees and expenses for each day they missed a meal break as required by Section 512.

151.     Alternatively, for each and every workweek in which Plaintiff and each California DOR employee class member missed or was unable to take this full 30 minute meal break which would have caused any Plaintiff to incur overtime hours for the additional time, Defendants owe to each California DOR employee, including Plaintiff, one and a half times their regular rate of pay for each missed meal break, plus an equal sum in liquidated damages as required by Section 512.

**THIRD CAUSE OF ACTION**
**Failure to Provide Rest Breaks**

152.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

153.     Plaintiffs and all other California DOR regularly worked in shifts that exceeded 3.5 hours per day.

154.     Plaintiff and all other California DOR also had productivity requirements that could not reasonably be met within the schedule and thus did not routinely receive a rest break.

155.     Even when Plaintiff and the other California DOR Employees could take a break, it was primarily and routinely under ten (10) minutes, and not uninterrupted or duty free, as during this break time, Plaintiffs would perform work related to completing their notes and documentation.

156.     At all times herein relevant, Labor Code § 226.7 and California Code of Regulations Title 8 § 11070 have applied and continue to apply to Plaintiff's and the Class Members' employment with Defendants. Labor Code § 226.7 states "No employer shall require any employee to work during

any […] rest period mandated by an applicable order of the Industrial Welfare Commission." Labor Code § 226.7(a).

157.    In addition, Section 12 of Wage Order No. 7 provides in relevant part that:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

158.    Defendants knowingly or with reckless disregard, failed to permit Plaintiff and the class of similarly situated California DOR, adequate rest periods as required by law.

159.    As a direct and proximate result of Defendants' job requirements, scheduling, and productivity requirements, Plaintiff, and the Class of similarly situated California DOR suffered harm and were not provided the requisite duty-free rest periods.

160.    Defendants' actions in failing to provide the required breaks was a willful violation of this section.

161.    Pursuant to California Labor Code §226.7, employers who fail to provide meal or rest periods required by statute or Wage Order must pay employees one additional hour of pay at their regular rate of pay for each daily failure to provide meal or rest periods.

162.    As per California Labor Code §226.7, Defendants owe Plaintiff and the class of similarly situated California DOR one (1) hour of overtime wages at time and one half each person's regular rate of pay, plus an equal sum in liquidated damages, attorney's fees and expenses for each day they missed a meal break as required by Section 512.

///

///

**FOURTH CAUSE OF ACTION**
**Failure to Pay All Hours Worked**

163.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

164.     Throughout the Class Period, Defendants had a pattern and practice of classifying DOR as exempt employees during any work week in which their work hours reported exceeded 40 hours in any workweek; meanwhile whenever their work hours reported dipped below 40 hours, Defendants took advantage of its DOR employees and classified and treated them as hourly paid employees and deducted wages from their salaries for their own financial gain.

165.     Defendants have forfeited the right to classify DOR as exempt employees as a result of their willful salary basis violations and deductions, and owed Plaintiff and all other class members, premiums for all overtime hours worked in each and every workweeks over the past 4 years through the date of trial in this action.

166.     At all times herein relevant, Labor Code §§ 204, 1194, and 1197, Wage Order 7 and California Code of Regulations Title 8 § 11070 have applied and continue to apply to Plaintiffs and Class Members' employment with Defendants. Wage Order 7 states that "every employer shall pay to each employee wages … for all hours worked." Cal. Code Regs., Tit 8, § 11070 (4)(A).

167.     "Hours worked" is defined at the California Code of Regulations Title 8, § 11070 (2)(G) as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Under this definition of "hours worked," the time spent by Plaintiff and Class Members to write all patient notes and attend all meetings while treating patients, are "hours worked" and must be compensated, as are the 30 minute meal breaks not fully taken as non-working, uninterrupted bona fide meal breaks, and including all work activities such as phone calls and texts and all other DOR duties and responsibilities.

168.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class Members have sustained damages, including but not limited to loss of earnings. Plaintiff seeks to recover unpaid wages and penalties, attorney's fees and costs of suit under Labor Code §§ 1194, 1194.2, and 218 and further relief, as described below.

### FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements

169.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

170.     Labor Code § 226 (a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

171.     Labor Code § 226 (e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226 (a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorney's fees and costs.

172.     Defendants knowingly and intentionally failed to provide timely, accurate, and itemized wage statements to Plaintiff and California Class Members in accordance with Labor Code § 226. The statements provided to Plaintiff and California Class Members have not accurately reflected actual hours worked, actual gross wages earned, the total hours worked by employees, including meal and rest period premiums. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226 (e).

### SIXTH CAUSE OF ACTION
### Unlawful Business Practices Under California Unfair Competition Act

173.     Plaintiff, and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

174.     The unlawful and unfair business practices and acts of Defendants, described above, have injured Plaintiff and the California Class members in that they were wrongfully denied the payment of earned regular and overtime wages.

175.     Defendants' actions and conduct in willfully violating California Labor Codes Sections 203, 226, 1174, 510, 512 and 1198, by: a) failing to pay overtime wages, b) failing to record daily work hours, c) failure to provide required thirty (30) minute duty free breaks, d) failure to pay the required one (1) hour of pay for unpaid meal breaks, e) requiring Plaintiff and all others similarly

situated to work off the clock and submit inaccurate, under-reported time sheets as set forth in the above Counts I, II, III, demonstrate unfair and deceptive business practices committed by Defendants against Plaintiff and the class of similarly situated California DOR Employees.

176.     Upon information and belief, Defendant continues to knowingly and willfully engage in continued unfair and deceptive business practices since the filing of this Complaint, as they have not sought to comply with California Labor Code §§203, 226, 1174, 512, 510 and 1198 or change their unlawful pay practices against the putative class of California Therapist Employees.

177.     Under California law, wages unlawfully withheld from employees constitutes an unfair business practice in violation of Section 17200.

178.     Upon information and belief, these unfair business practices date back at least 4 to 5 years or more, and with certainty, three (3) plus years from the date of the filing of this Complaint.

179.     Under the circumstances alleged, it would be inequitable and result in a miscarriage of justice for Plaintiff and California Class Members if Defendants were to retain the property of Plaintiff and Class Members, entitling Plaintiff and the proposed Class to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains.

180.     As a result of Defendants' unlawful and unfair business practices, Plaintiffs and California Class Members are entitled to and seek restitution and disgorgement, and other appropriate relief available under Bus. & Prof. Code §§ 17200 et. seq.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Earned Wages Upon Discharge
*(Brought By Plaintiff, On Behalf of Herself and A Subclass Of The California Class)*

181.     Plaintiff, and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

182.     Under California Labor Code § 201, if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Under California Labor Code § 202, if an employee quits, all wages are due and payable not later than 72 hours thereafter (or immediately at the time of quitting if the employee has given seventy-two (72) hours previous notice of the intention to quit).

183.     Plaintiff and subclass members are no longer still employed by Defendants in that they were either discharged or resigned from Defendants' employment.

184.     Defendants willfully failed to pay, within the time constraints imposed by Labor Code §§ 201 and 202, all overtime compensation due to them, Plaintiffs and the subclass comprised of California Class members no longer employed by Defendants.

185.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the subclass comprised of California Class members no longer employed by Defendants have sustained damages, including loss of earnings, in an amount to be established at trial.

186.     As penalties for these violations, Plaintiff and the subclass comprised of California Class members no longer employed by Defendants are entitled to and seek to recover up to thirty (30) days of their wages at their regular rates, as provided by California Labor Code § 203.

## EIGHTH CAUSE OF ACTION
### Violations of the FLSA § 207 and
### Declaratory Action Pursuant to 28 U.S.C. §§ 2201 and 2202

187.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

188.     Defendants has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay Plaintiff, and all other similarly situated DOR the required overtime wages and premiums for all hours worked over 40 in each and every work week.

189.     Defendants' actions of deducting wages from the salaries of Plaintiff and DOR violates the salary basis requirement for applying and relying upon the administrative and executive exemptions of the FLSA.

190.     Plaintiff, and all similarly situated DOR, routinely suffered from deductions in their salaries when their work hours fell below 40, and thus were in fact and by law treated by Defendants as hourly employees.

191.     Defendants cannot have it both ways:  treat Plaintiff and all DOR as exempt, salaried employees when it financially benefitted them when DOR worked more than 40 hours, and

///

simultaneously treat all DOR as hourly paid employees when their hours dipped below 40 and they could save labor costs and increase profits by deducting hours from the DOR's salaries.

192.     During these same workweeks and throughout the preceding 3 and 4 years of the filing of this Complaint, Defendants have maintained this unlawful policy and practice of deducting wages from the salaries of DOR and simultaneously classifying DOR as salaried exempt but paid as hourly employees in violation of the FLSA.

193.     Defendants knew that Plaintiff, and other DOR routinely performed overtime hours off the clock, more hours than submitted and routinely more than 40 hours in their workweeks.

194.     For DOR, including Plaintiff, this also meant working during the day without taking a 30 minute, uninterrupted, non-working meal break, or being forced to falsely report untaken meal breaks under threats or warnings of the automatic deductions and disciplinary action for not putting in a falsified 30 minute meal break.

195.     Defendants maintained a De Facto policy which pressured and discouraged DOR from reporting all their work hours, all overtime hours,, and when not taking bona fide meal breaks, as well as not reporting more than 40 hours in any work week.

196.     The Defendants time keeping requirements should be declared as unlawful and in violation of 29 CFR part 516, as well as declared unreliable, inaccurate, and inadmissible.

197.     Defendants had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of hourly non-exempt employees, including DOR and other persons performing similar roles under any job titles.

198.     Similarly, Defendants had a duty to accurately track and report meal breaks, but their unlawful policy and practice of commanding falsified time records for meal breaks never taken, or to auto deduct 30 minutes for meal breaks never taken means their records are inaccurate, underreported, and falsified and thus violates the FLSA and its regulations for accurately recording and documenting hourly paid employees work hours.

199.     Defendants' conduct and actions of turning a blind eye, ignoring the fact that time sheets showing eight (8) hours every day, and forty (40) hours every week were clearly known to be

///

inaccurate and an understatement of Plaintiff's, and all other DOR's, actual working hours, resulted in willful violations of the overtime wage law of Section 207 of the FLSA.

200.    Defendants' actions constitute a willful violation of the FLSA of misclassification and of willfully refusing to pay overtime premiums.

201.    Defendant maintained a De Facto Policy to discourage reporting and claiming overtime hours, but meanwhile reaped the benefits of the additional work activities and work hours of DOR, and the savings in many millions of dollars in labor costs, especially when they deducted wages from their salaries when it financially benefited them.

202.    Defendants made it known to Plaintiff and all other DOR working during the relevant FLSA class period that they were classified as exempt from overtime premiums, and thus submitting or documenting overtime hours or times they worked through meal breaks was of no concern or significance since they would not be paid more than their weekly salaries, no matter how many hours they worked or how many breaks they worked through.

203.    Thus, DOR, including Plaintiff were encouraged and pressured to not report or clock their overtime hours.

204.    Plaintiff and the FLSA Class routinely worked more than 40 hours in their workweeks without being paid any premiums for these hours.

205.    The Defendants intentionally created a work environment that was oppressive, laced with fear and intimidation against reporting overtime hours and complaining about not being paid for all overtime hours, while misleading and misrepresenting to all DOR that they were exempt from overtime premiums and still simultaneously subject to salary deductions when their hours dipped below 40 in any workweek.

206.    Defendants have willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative FLSA Class, comprised of all current and former similarly situated DOR a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

207.    Defendants do not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal

sum in overtime wages owed at rates of one and one half times their respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

208.     Defendants knowingly and willfully failed to track the hours worked by Plaintiff and the class of similarly situated employees who comprise the Putative and proposed FLSA Class.

209.     Defendants encouraged and pressured DOR to work as many hours as they needed to off the clock to handle all their job duties and responsibilities and has direct, if not constructive knowledge of DOR working overtime hours.

210.     By failing to record, report, and/or preserve records of all minutes and hours worked by Plaintiff and the class of similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 et seq., including 29 USC Sec. 211(c) and 215 (a).

211.     Defendants knew or should have known that the act of permitting DOR to work off the clock, including working on weekends or evenings, was insufficient and evades the wage and hour requirements of the FLSA such that a three (3) year statute of limitations applies.

212.     To summarize, Defendants have willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff, and the class of similarly situated persons:  a) misclassifying them as salaried exempt employees and willfully refusing to pay overtime premiums; b) maintaining a De Facto policy against DOR reporting all overtime hours worked and foreclosing them from reporting any more than 40 hours for the week; and c) deducting wages from their salaries and still claiming these employees are subject to any exemption from overtime premiums; and d) deducting 30 minutes each day for meal beaks they knew were not taken by DOR or commanding and requiring DOR to self-report deducted 30 minutes of time each day for meal breaks they did not take, costing them upwards of 2.5 hours of unpaid overtime hours each week.

///

///

213.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Class of similarly situated comprised of all other present and former DOR have suffered economic damages by Defendants' failure to pay overtime compensation in accordance with FLSA §207.

214.     Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

215.     As a result of Defendants' unlawful acts and pay practices described herein, Plaintiff and the Putative FLSA Class of all other similarly situated non-exempt employees have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

## NINTH CAUSE OF ACTION
### Violation of the Record Keeping Requirements of the FLSA and Declaratory Action Pursuant to 28 U.S.C. §§ 2201 and 2202

216.     Plaintiff and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

217.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

218.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the FLSA Class, as well as the applicable compensation rates, is in the possession of Defendants.

219.      To the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

220.     With respect to an employee subject to the FLSA provisions, the following records must be kept as per 29 CFR part 516:

        a.     Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

        b.     Hour and day when workweek begins;

c.      Regular hourly pay rate for any week when overtime is worked;

d.      Total hours worked each workday and each workweek;

e.      Total daily or weekly straight-time earnings;

f.      Total overtime pay for the workweek;

g.      Deductions from or additions to wages;

h.      Total wages paid each pay period; and

i.      Date of payment and pay period covered

221.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See*, 29 U.S.C. §215(a)(5); *See also, Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

222.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  *See Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

223.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  *See Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

224.    Defendants have failed to accurately record, track and report the Plaintiff and Class of similarly situated members' time and work hours as required under the FLSA.

225.    Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

226.    As a direct result of Defendants' record keeping violations of the FLSA and specifically CFR part 516, the Court should declare Defendants' pay records to be inaccurate, unreliable, and inadmissible, or at a minimum, a jury instruction given to such an effect.

///

///

## **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff FAITH FERMIN-HAYES, individually, and on behalf of all other similarly situated, employed within the preceding four years and for all currently employed DOR of Defendants seek the following relief:

a. Designation of this action as a Rule 23 Class action;

b. Designate Plaintiff Fermin-Hayes as Representative of the Rule 23 California Class for purposes of engaging in mediation, with the authority to execute any Class settlement agreement the parties might reach, which is subject to the Court's approval before making any such agreement binding;

c. That Defendants are found to have violated Labor Code §§ 204, 1194, and 1197, and Wage Order 7, as to the Plaintiff and the California Class by failing to pay Plaintiff and the Class for all hours worked;

d. That Defendants are found to have violated Labor Code § 510, as to the Plaintiff and the California Class by failing to pay Plaintiff and the Class for overtime hours worked;

e. That Defendants are found to have violated Labor Code § 226 by not authorizing and permitting adequate meal breaks to Plaintiff and the California Class;

f. That Defendants are found to have violated Labor Code § 226 by not authorizing and permitting adequate rest breaks to Plaintiff and the California Class;

g. That Defendants are found to have violated Labor Code § 203 for failing to pay wages upon termination or voluntary quit;

h. That Defendants are found to have violated the record-keeping provisions of Labor Code §§ 1174(d) and 226 as to Plaintiff and the California Class;

i. That Defendants are found to have violated Labor Code § 226 for failing to provide accurate wage statements to Plaintiff and the California Class Members;

j. That Defendants are found to have violated Business and Professions Code § 17200 as to Plaintiff and the California Class by failing to pay Plaintiff and Members of the

Class for all hours worked and failing to keep timely, accurate, itemized records of all hours worked and failing to permit and authorize adequate meal and rest breaks to Plaintiff and the California Class;

k.  That Plaintiff and the California Class be awarded civil penalties as specified by Labor Code § 226.8 for each violation of the Labor Code as explained herein during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

l.  That Plaintiff and the Class be awarded damages for the amount of unpaid compensation, including interest thereon, liquidated damages, and penalties subject to proof at trial;

m.  That Plaintiff and the California Class be awarded civil penalties as specified by Labor Code § 2699(f) for Plaintiff and each current and former aggrieved employee for each violation of the Labor Code as explained herein during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

n.  That Plaintiff and the California Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 226, and 1194, and California Code of Civil Procedure § 1021.5;

o.  That Defendants be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200 et seq., including the sums deducted from their salaries;

p.  That the Court find and declare Defendants' violations of the California laws were and are willful;

q.  Award Plaintiff and the California Class an equal sum in awarded or recovered wages as liquidated damages;

r.  That the Court award Plaintiff Fermin-Hayes a Class Representative service award for the justice sought out for so many and her services in this case as representatives for the putative class;

s.  Award Prejudgment and post-judgment interest, as provided by California law;

t.  Issue an Injunction barring Defendants from continuing its unlawful pay practices complained of herein;

u.  An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b) and that notice be sent to all past and present employees of Defendants, any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

v.  An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

w.   That the Court find Defendants in violation of the overtime compensation provisions of the FLSA and that the Court find Defendant's violations of the FLSA were and are willful;

x.  That the Court award Plaintiff and the putative FLSA Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at the rate of time and one half (1.5) their regular rate of pay during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

y.  That the Court award Plaintiff a collective action class representative fee or service award fee for her efforts and time dedicated to bringing justice through this action;

z.  That the Court declare Defendants' record keeping practices are in violation of the FLSA and specifically CFR part 516, and that the Court should declare Defendants' pay records to be inaccurate, unreliable and inadmissible, or at a minimum, a jury instruction given to such an effect.

aa. That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel for both classes in the FLSA Collective action and the Rule 23 Class;

1       bb. That the Court award any other legal and equitable relief as this Court may deem

2           appropriate, including the value of underpaid matching funds in company pension or

3           401k plans.

4

5 Dated: September 28, 2022           **RATNER MOLINEAUX, LLP**

6

7                         By: */s/ David S. Ratner*_____

                              David S. Ratner

8                               Shelley A. Molineaux

9                         *Attorneys for Plaintiff and the Proposed Class*

10

11

12

13                         **<u>DEMAND FOR JURY TRIAL</u>**

14

15       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

16 trial by jury on all questions of fact raised by this Complaint.

17

18 Dated: September 28, 2022           **RATNER MOLINEAUX, LLP**

19

20                         By: */s/ David S. Ratner*_____

                              David S. Ratner

21                               Shelley A. Molineaux

                        *Attorneys for Plaintiff and the Proposed Class*

22

23

24

25

26

27

28